United States District Court
District of Massachusetts

```
_____
                              )
United States of America      )
                              )
         v.                   )
                              )
Robert DeFronzo,              )      Criminal Action No.
                              )      14-10002-NMG
         Defendant.           )
                              )
                              )
_____)
```

**MEMORANDUM & ORDER**

GORTON, J.

This petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 is brought to vacate and correct a lawfully imposed sentence. For the reasons that follow, petitioner's motion to vacate will be denied, and the petition will be dismissed.

I.   **Background**

In October, 2014, Robert DeFronzo ("DeFronzo" or "petitioner") was sentenced to 57 months imprisonment and 60 months of supervised release after being convicted of maiming in aid of racketeering, assault with a dangerous weapon in aid of racketeering, assault resulting in serious bodily harm in aid of racketeering and conspiracy to commit violent crimes in aid of racketeering.

Petitioner's conviction arose from actions taken while he was a member of the Red Devils Motorcycle Club ("RDMC"), an affiliate chapter of the Hell's Angels Motorcycle Club. In September of 2012, an unnamed member of the RDMC ("the victim"), who had failed to assault another former member as ordered by superiors, was forced by Sean Barr ("Barr"), a co-defendant in this case, to resign from the club.

On October 15, 2012, the victim was ordered to come to the RDMC chapterhouse in Byfield, Massachusetts, purportedly to "clear his name". When he arrived, the victim was met by DeFronzo, Barr, and several other RDMC members, including two co-defendants. After a long interrogation, one of the group took the victim's motorcycle keys and went to the victim's house to retrieve the vehicle.

After the keys were taken, the victim was knocked unconscious. When he regained consciousness, Barr offered the victim a choice between having his hand or knee struck with a ball-peen hammer. The victim chose his hand but when he recoiled DeFronzo told him that if he did not submit willingly, DeFronzo would hold it for him. Barr then proceeded to strike the victim with the hammer, breaking four out of the five bones in his hand and causing serious, permanent injury.

Between the months of October, 2012, and March, 2013, the victim was repeatedly told by the members of the RDMC that he

was to give them the title to the stolen motorcycle or else he would be crippled, killed, maimed, or his partner would be raped, and she and her children murdered.  The victim went into hiding and eventually contacted the Federal Bureau of Investigation ("FBI").

On March 12, 2013, the FBI conducted surveillance as the victim delivered title to the stolen motorcycle to a member of the RDMC.  In October, 2013, the defendants were arrested.

**B.   Procedural history**

On February 5, 2015, petitioner was permitted to enter a plea of guilty pursuant to a binding Rule 11(c)(1)(C) plea agreement ("the agreement") for each count of the indictment. The terms of the agreement provided for a joint recommendation that petitioner's offense level under the United States Sentencing Guidelines ("USSG") would be 23, yielding an applicable sentencing guideline range of 46-57 months, and that DeFronzo would receive a sentence of 57 months imprisonment.

As part of the agreement, the prosecution agreed not to apply the robbery enhancement found in § 2B3.1(a) of the USSG, which would have resulted in a guideline range the low end of which is 87 months incarceration.  In return, petitioner agreed to the application of USSG § 2A2.2(b)(3)(C), which mandates a seven point enhancement because the victim of the crime sustained permanent bodily injury.

The terms of the agreement also provided that the petitioner waive any right to challenge his conviction in future proceedings, including collateral attacks on his sentence.

On April 10, 2017, petitioner filed a motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255, asserting that newly discovered evidence demonstrates that the victim's injury was not permanent.  Accordingly, he contends the seven point enhancement under USSG § 2A2.2(b)(3)(C) was incorrectly applied and his appropriate offense level should have been 22, resulting in a guideline range of 41-51 months.

## II.  __Motion to Vacate and Correct the Sentence__

### A.  __Legal standard__

Section 2255 of Title 28 of the United States Code enables a prisoner in custody to move the court that imposed his sentence to vacate, set aside or correct the sentence if it was 1) imposed in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255(a); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  The petitioner bears the burden of establishing the need for relief in each of those circumstances. David, 134 F.3d at 474.  To be entitled to relief under § 2255, the petitioner must present "exceptional

circumstances" that make the need for redress "evident." <u>Id.</u>
(citing <u>Hill</u> v. <u>United States</u>, 368 U.S. 424, 428 (1962)).

A § 2255 petition is procedurally defaulted and unreviewable on collateral attack when the petitioner has not presented the claim on direct appeal, lacks cause for failing to do so and suffered no "actual prejudice resulting from the error." <u>Damon</u> v. <u>United States</u>, 732 F.3d 1, 4 (1st Cir. 2013) (citing <u>Bousley</u> v. <u>United States</u>, 523 U.S. 614, 622 (1998)).

A petitioner who files a § 2255 motion "is not entitled to an evidentiary hearing as a matter of right." <u>David</u>, 134 F.3d at 477. There is a "fairly heavy burden" of proving that an evidentiary hearing is merited. <u>See</u> <u>United States</u> v. <u>McGill</u>, 11 F.3d 223, 225-26 (1st Cir. 1993). In order to satisfy this burden, a habeas petitioner generally must provide evidence admissible under the Federal Rules of Evidence. <u>Garuti</u> v. <u>Roden</u>, 733 F.3d 18, 25 (1st Cir. 2013). The Court may dismiss a petition without a hearing if it is contradicted by the record, inherently incredible or if the petitioner has failed to provide "specific and detailed supporting facts." <u>United States</u> v. <u>Butt</u>, 731 F.2d 75, 77 (1st Cir. 1984). Furthermore, an evidentiary hearing is not required "where the district judge is thoroughly familiar with the case as, for example, when he presides at both a change of plea hearing and sentencing." <u>Ouelette</u> v. <u>United States</u>, 862 F.2d 371, 377 (1st Cir. 1988).

## B.    Application

As the parties agree, petitioner entered into the plea agreement knowingly and without reservation.  Contained within the agreement was a waiver of the right to attack his sentence in precisely the manner he now proffers.  The knowing and voluntary waiver of the right to appeal, or of the right to engage in collateral attack on a sentence, is presumptively valid if 1) the plea agreement clearly outlined the waiver, 2) the Court inquired as to the defendant's understanding of the right(s) he or she was waiving and 3) enforcement of the waiver would not constitute a miscarriage of justice. United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001).  The miscarriage of justice exception to waiver is "to be applied sparingly and without undue generosity." United States v. Miliano, 480 F.3d 605, 608 (1st Cir. 2007)(quoting Teeter, 257 F.3d at 26)(internal quotation marks omitted).

Petitioner does not shy away from this obstacle and seeks to assail it by alleging a misrepresentation to this Court by the victim at the time of sentencing.  Although petitioner acknowledges that his waiver was knowing and voluntary and that it was adequately considered by the Court, he submits that enforcement of the waiver would constitute a miscarriage of

justice because the victim in this case was not permanently
injured.  He argues that the sentencing enhancement pursuant to
USSG § 2A2.2(b)(3)(C) should be withdrawn.

That argument is unavailing.  The miscarriage of justice
exception in Teeter requires "at a minimum,... an increment of
error more glaring than routine reversible error." Miliano, 480
F.3d at 608.  Even if this Court were satisfied, based solely on
the allegations of petitioner, that the injury to the victim was
not permanently crippling but merely grievously debilitating,
that would not render enforcement of the waiver a miscarriage of
justice.

> [S]uch waivers are anticipatory: at the time the
> defendant signs the plea agreement, she does not have
> a clue as to the nature and magnitude of the
> sentencing errors that may be visited upon her,...
> some of which may never have occurred either to her or
> to the government, and some of which may be quite
> different than either thought possible.

Teeter, 257 F.3d at 21; see also Sotirion v. United States, 617
F.3d 27, 38 (1st Cir. 2010).

At the time of sentencing there was no "sentencing error".
Petitioner made a knowing and voluntary waiver of his rights,
choosing the certainty of a binding plea agreement over the
uncertainty of a jury trial.  He cannot accept the benefit of
that agreement and then repudiate it when a change in
circumstances later arises. See Teeter, 257 F.3d at 21.  A

retroactive determination that an advisory guideline range may have been miscalculated does not overcome petitioner's appellate waiver. See Sotirion, 617 F.3d at 38; see also United States v. Calderon-Pacheco, 564 F.3d 55, 59 (1st Cir.2009) (holding a showing of egregious facts required to "vault the hurdle erected by the waiver").

In view of the circumstances, the Court concludes that an evidentiary hearing in connection with DeFronzo's petition is unnecessary. This Court presided over the petitioner's sentencing and is therefore competent to enter judgment in this matter without further factual inquiry. See Ouelette, 862 at 377. The record provides a sufficient basis for resolving the matter without an additional hearing and therefore petitioner's request for an evidentiary hearing to support his petition will be denied.

**ORDER**

For the foregoing reasons, petitioner's motion to vacate his sentence (Docket No. 160) is **DENIED** and the petition is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 8, 2017